|,WALTZER, Judge.
Dorian Fleming, Jr. appeals the judgment of the trial court dismissing his suit against First National Bank and Commerce, now Bank One, and dismissing the majority of his claims against the law firm of Chaffe,, McCall, Phillips, Toler and Sar-py. Chaffe, McCall answered the appeal asking this court to reverse the judgment of the trial court awarding Fleming $9,705.04.
STATEMENT OF THE CASE
Marguerite Mason Smith Fleming died 15 May 1982. In her will she appointed her son, the plaintiff, and FNBC as co-executors of her estate, valued at more than $5,500,000. Fleming was named as both co-executor and legatee. In her will, the decedent also named John Toler of the law firm of Chaffe, McCall as the attorney for the succession. On 20 May 1982, the day the succession was opened, Fleming signed a power of attorney designating his uncle, Jean M. Smith, as his agent, “giving and granting unto him appearer’s general and special power of attorney to represent appearer in all matters and in all acts of administration in the aforesaid succession.” In October 1990, Fleming was removed for cause as executor of his mother’s estate.
| ^Fleming originally filed suit against the bank in December 1985. He amended his petition in February 1989, to include the law firm as a defendant. Fleming complains that both the bank and the law firm breached their fiduciary duties and that their conduct injured him both emotionally and physically. Essentially, Fleming complains that the bank and the law firm failed to honor his role as co-executor of the estate. Specifically, he testified that bank employees ransacked his mother’s home days after her death and mishandled her property, that neither the bank nor the law firm sought his approval of certain stock sales in November and December of 1982, that defendants delayed in selling and disbursing certain property (decedent’s house and certain bonds and the contents of the house), that defendants erred in calculating the estate’s tax liability, and that defendants failed to pursue certain debts owed to the succession (claims against Homer Dupuy, the house- *147 sitter, and claims against attorneys/partners with Chaffe, McCall at the time, who agreed to pursue certain property rights in Jefferson Parish for the Mason Smiths in exchange for an interest in the property).
On 27 and 28 July 1998, a trial was conducted in this matter. At the conclusion of Fleming’s case, FNBC and Chaffe, McCall moved for an involuntary dismissal. By judgment dated 12 November 1998, the trial court awarded Fleming $9,705.04 against Chaffe, McCall. The court found that “Once the conveyance was invalidated defendants became obligated to return the funds received.” On 6 January 1999, the trial court signed a judgment dismissing all claims against FNBC and Chaffe, McCall, except those claims specifically addressed by the November judgment.
Fleming appeals the judgment granting defendant’s motion for involuntary dismissal. Chaffe, McCall appeals the judgment awarding Fleming his share of the 13money received by its former partners, Jarrell Godfrey and Harry Howard, III, under the agreement nullified in prior litigation.
STANDARD OF REVIEW
Both FNBC and Chaffe, McCall moved for involuntary dismissal pursuant to LSA-C.C.P. art. 1672 in this judge trial after the close of Fleming’s case. The trial court must weigh and evaluate all of the evidence presented and determine whether the plaintiff established a prima facie case by a preponderance of the evidence, the trial court reviews the evidence without any special deference to the opponent to the motion, and the appellate court should not reverse the judgment absent manifest error. Winston v. Flamingo Casino, 99-0209 (La.9/22/99); 746 So.2d 622, 624.
Fleming argues that the trial court’s legal errors tainted the fact finding process, thus the trial court’s decisions are not reviewed under the manifest error standard, but since the record is complete, the appellate court should make a de novo review of the record and determine the preponderance of the evidence. Rosell v. ESCO, 549 So.2d 840, 844, fn. 2 (La.1989). Fleming argues that the trial court erred in concluding that FNBC did not have a fiduciary relationship with Fleming. However, we find no such conclusion in the record. Moreover, neither in brief nor at oral argument did any party represent that a fiduciary relationship did not exist between FNBC and Fleming.
After reviewing the record in this matter, we find no reason to reverse the decisions of the trial court.
ASSIGNMENT OF ERROR: Fleming argues that the trial court erred in dismissing his claims against FNBC and dismissing, in part, his claims against Chaffe, McCall.
1 ¿DISMISSED CLAIMS AGAINST FNBC
Fleming filed suit against the bank alleging it had breached its fiduciary duties. At trial, Fleming testified that the bank did not consult him in its administration of his mother’s succession. As co-executor of the estate with FNBC, Fleming had both rights and responsibilities in administering his mother’s estate. He testified at great length that FNBC did not seek his approval before selling certain assets of the estate, that bank representatives mishandled his mother’s property, that the bank did not act to recover money owed to the estate for damage to the decedent’s home by the house-sitter, Homer Dupuy, and that it delayed in selling or transferring certain assets of the succession. Neither the testimony nor the voluminous documentary evidence supports Flemings’ assertions. His testimony, at best, is conflicting, and the testimony of other witnesses and exhibits contradict his allegations.
Fleming also alleges that FNBC neglected to pursue certain claims against Chaffe, McCall and/or two of its partners. However, the decedent’s heirs were placed in possession of these rights by judgment in the succession proceedings. Fleming *148 did pursue these claims. Howard v. Louisiana Power and Light Co., Inc., 595 So.2d 408 (La.App. 5 Cir. 3/16/92); writ denied 92-1698 and 92-1703 (La.10/2/92). A copy of this unreported opinion is included in the record, plaintiffs exhibit 22H.
We find nothing in the record to support his claims against FNBC.

DISMISSED CLAIMS AGAINST CHAFFE, McCALL

The law firm of Chaffe, McCall was appointed by the decedent to conduct the succession proceedings. The firm was added to Fleming’s lawsuit in 1989. On Uappeal, the firm argues that the claims against it have prescribed. However, we find nothing in the record to suggest that this issue was raised by the parties before their arguments in their briefs. For this reason, we will not address the issue of prescription.
Fleming alleges that the law firm did not seek his approval, as co-executor, before seeking court approval in the administration of the succession proceedings. Specifically, he complains that the firm did not obtain his consent before it sought court approval for the sale of certain stock in 1982. He relies on his testimony and a letter which he allegedly sent to a partner with the law firm.
We find no reason to reverse the judgment of the trial court dismissing these claims against Chaffe, McCall.
ANSWER TO APPEAL
Chaffe, McCall appeals the November judgment awarding Fleming $9,705.04. Fleming alleged that certain partners in the firm violated the Rules of Professional Conduct by obtaining an interest in certain property in 1979 with the intention of representing the Mason Smiths in litigation involving that same property. This dispute is repeatedly referred to as the “canal bottoms litigation.” In 1981, certain monies were received by the partners, representing their interest under the 1979 agreement. This agreement was nullified in an unreported opinion. Howard, supra. However, the money received by the firms’ partners in 1981 was neither returned to the Mason Smiths nor included in the prior litigation. The trial court found that Fleming was entitled to recover certain special damages, his portion of the amount received by the firm’s partners in 1981 under the nullified contract, from the firm. The record supports these findings.
| ^Chaffe, McCall argues that the amount awarded is in error. The trial court awarded Fleming one-sixth of $58,-230.24, which total amount reflects the money distributed to the Mason Smiths in 1981 under the agreement. In this regard, the trial court miscalculated. We see no reason to remand. The trial court calculated Fleming’s portion using the total distributed to the Mason Smiths, but the total distributed to the partners, $57,997.78, was the appropriate sum. For this reason, we amend the judgment to reflect that Fleming is awarded his portion of the sum distributed to the firm’s partners, or $9,666.30.
CONCLUSIONS
For the above reasons, we affirm the judgment of the trial court. However, we amend the judgment to reflect the correct calculation. Fleming is awarded the sum of $9,666.30.
JUDGMENT AFFIRMED AS AMENDED.